UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JANET BAUER <br> Plaintiff, | |
| V. | 3:02cv2220 (MRK) |
| GUARANTY NATIONAL BANK OF TALLAHASSEE <br> Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATUS REPORT

The above-referenced action is a claim by the Plaintiff, **JANET BAUER** ("Bauer"), that the Defendant, **GUARANTY NATIONAL BANK OF TALLAHASSEE** ("Guaranty"), combined with one or more persons to make secondary mortgage loans which violate Connecticut General Statute ("C.G.S.") § 36-521 et.seq., and the Connecticut Unfair Trade Practices Act, C.G.S. §42-100b et.seq. At the time of commencement of the action, it was the Plaintiff's intention to move for class certification. The Defendant Guaranty claims that it is exempt from C.G.S. § 36a-521 and the Unfair Trade Practices Act by virtue of defenses afforded under the National Bank Act, 12 U.S.C. § 85 et. seq.

It was proposed by the parties that the preemption issue raised by the National Bank Act be addressed at the outset, and pursuant to an Order entered by the Honorable Janet C. Hall, a Motion to Dismiss on this basis was made and briefed by both parties.

Prior to the oral argument and prior to a decision being rendered in connection with the Motion to Dismiss, the Defendant, Guaranty filed a Motion for Stay of Proceedings based on the fact that a similar class action was pending in the United States District Court for the Western District of Pennsylvania, that a class had been conditionally certified by the Honorable Gary L. Lancaster, and that the Plaintiff, Bauer, would be a member of that class.

Subsequently, the case was assigned to the Honorable Mark R. Kravitz and a conference call was held with the Court on or about October 20, 2003. In the wake of the conference with the Court, the Defendant's Motion for Stay of Proceedings was granted and the Motion to Dismiss was denied without prejudice to renew at a later date, if necessary. The parties were further instructed to report back to the Court on or before November 21, 2003 to advise the Court with regard to the status of the Pennsylvania litigation. On or before November 21, 2003, the undersigned advised the Court telephonically that a hearing had been held in connection with class certification and settlement of the Pennsylvania litigation, however, the Court had not as of yet, ruled with regard to the proposed settlement. The Pennsylvania Court had requested counsel to submit proposed findings. The undersigned was subsequently advised that during December of 2003, the findings were submitted and the proposed settlement was approved by the United States District Court of the Western District of Pennsylvania.

2

On or about January 15, 2004, the undersigned was advised by Attorney R. Bruce Carlson, lead counsel for the Pennsylvania Class that an appeal had been filed by certain parties who had objected to the fairness and adequacy of the settlement. That appeal is pending.

The undersigned was unable to obtain the signature of Attorney Tracy M. Collins on the status report due to the fact that she has been out of state for an extended period, however, the undersigned represents that he has discussed the content of this report with her prior to its submission, and submits it with her consent.

PLAINTIFF, JANET BAUER

BY: _____
JOHN C. FITZGERALD, JR.
Cranmore, FitzGerald & Meaney
49 Wethersfield Avenue
Hartford, CT 06114-1102
Tel: (860) 522-9100
Federal Bar No. CT 05436

3

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, first class mail, this 23rd day of January, 2004 to all counsel and pro se parties of record:

Doreen Watson, Esq.
Tracey Collins, Esq.
Waller, Smith & Palmer, P.C.
52 Eugene O'Neill Drive
P.O. Box 88
New London, CT  06320

BY: _____
JOHN C. FITZGERALD, JR.
Cranmore, FitzGerald & Meaney

4