**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| JANET BAUER | * |
|     Plaintiff, | * |
|  | *   3:02cv2220 (MRK) |
| V. | * |
| GUARANTY NATIONAL BANK OF | * |
| TALLAHASSEE | * |
|     Defendants. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RESPONSE TO ORDER TO SHOW CAUSE**
**DATED JANUARY 28, 2004**

The undersigned, on behalf of the Plaintiff, **JANET BAUER** (hereinafter "Bauer"), respectfully requests that the above-referenced matter not be dismissed as contemplated by the Court's order of January 28, 2004 for the following reasons.

The above-referenced claim involves allegations by Bauer that the Defendant, **GUARANTY NATIONAL BANK OF TALLAHASSEE** (hereinafter "Guaranty"), combined with one or more entities to make secondary mortgage loans which violated Connecticut General Statutes §§ 36-521, et. seq., and the Connecticut Unfair Trade Practices Act. The action also seeks class certification. It is the claim of Guaranty that it is exempt from application of the aforementioned statutes by virtue of defenses afforded under the National Bank Act, 12 U.S.C. § 85 et. seq.

Because of the critical nature of the National Bank Act defenses to this litigation, it was proposed by the parties that the preemption issues raised buy the National Bank Act be addressed at the outset, and, pursuant to an Order entered by the Honorable Janet C. Hall, a Motion to Dismiss on this basis was made, and the issues briefed by both parties.

Prior to oral argument, and prior to a decision being rendered on the issues raised in the Defendant's Motion to Dismiss, the Defendant informed the Court, through a Motion to Stay, of the existence of a similar class action pending in the United States District Court for the Western District of Pennsylvania, that a class had been conditionally certified in that case by the Honorable Gary Lancaster, and that the Plaintiff Bauer would be a member of that class.

Following a conference call with the Honorable Mark Kravitz, the matter was stayed and the Motion to Dismiss was denied without prejudice. Per the Order of the Court, the parties reported back to the Court telephonically on November 21, 2004 and in a status report dated January 23, 2004. It is currently the undersigned's understanding that the proposed settlement of the class was approved in December of 2003. The undersigned has also been advised that certain potential class members objected to the fairness and adequacy of the settlement, and have appealed the Court's adoption of the settlement.

While the undersigned is optimistic that the Court's decision will be affirmed on appeal and will furnish no further business for this Court, it is impossible to determine whether the Plaintiff's interests will be adequately protected until the Appeal of the Pennsylvania action has run its course.

In an effort to permit dismissal and nonetheless, protect Ms. Bauer's interest, the undersigned discussed with defense counsel, Tracy Collins, the possibility of allowing the dismissal without prejudice to enter and entering into a waiver of the Statute of Limitations in an effort to preserve the status quo during the pendency of the Appeal. She was not receptive to this request. She further advised me that she opposed the Plaintiff's request that this matter not be dismissed.

It is respectfully requested that the Court refrain from dismissing this matter until the completion of the Pennsylvania appeal, as a dismissal may prejudice, through no fault of the Plaintiff, the claims raised in the immediate case. It is further requested that the Stay entered by the Court on October 23, 2003 be continued.

                    PLAINTIFF, JANET BAUER

BY: _____
JOHN C. FITZGERALD, JR.
Cranmore, FitzGerald & Meaney

3

49 Wethersfield Avenue  
Hartford, CT  06114-1102  
Tel: (860) 522-9100  
Federal Bar No. CT 05436

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, first class mail, this 24th day of February, 2004 to all counsel and pro se parties of record:

Doreen Watson, Esq.  
Tracey Collins, Esq.  
Waller, Smith & Palmer, P.C.  
52 Eugene O'Neill Drive  
P.O. Box 88  
New London, CT  06320

BY:

_____

JOHN C. FITZGERALD, JR.  
Cranmore, FitzGerald & Meaney

4